IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2005 JAN -4  P 12: 18
CLERK, US DIST. COURT
         TEXAS

| | | |
|---|---|---|
| EKF-DIAGNOSTIC SALES, GmbH, A German Corporation, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | NO. SA 04CA0807 XR Consolidated to NO. SA 03 CA 1080 OG |
| HEMOCUE AB, a Swedish Corporation; And HEMOCUE, INC., a California Corporation, | § § § § | |
| Defendants. | | |

### HEMOCUE'S ORIGINAL ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, AND ORIGINAL COUNTER-CLAIM

This answer and counter-claim is filed by Defendant HemoCue Inc. and HemoCue AB (collectively "HemoCue"). Defendants HemoCue answer the Complaint for Declaratory Judgment as follows:

### PARTIES AND NATURE OF ACTION

1. HemoCue does not have information sufficient to admit or deny the allegations of paragraph 1 of the Complaint, and therefore denies all of the allegations in that paragraph.

2. HemoCue admits the allegations of paragraph 2 of the Complaint.

3. HemoCue admits the allegations of paragraph 3 of the Complaint.

4. HemoCue admits the allegations of paragraph 4 of the Complaint.

5. HemoCue admits that the action is for declaratory judgment. However, HemoCue denies the remaining allegations of paragraph 5 of the Complaint.



25486340.2

## JURISDICTION AND VENUE

6. HemoCue denies the allegations of paragraph 6 of the Complaint.

7. HemoCue denies the allegations of paragraph 7 of the Complaint.

## FACTS COMMON TO THE COUNTS

8. HemoCue is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies the allegations.

9. HemoCue is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the allegations.

10. HemoCue is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the allegations.

11. HemoCue admits that HemoCue AB manufactures microcuvettes for gathering blood samples and instruments for receiving the microcuvettes and conducting hemoglobin readings for blood samples in the microcuvettes, that HemoCue, Inc. markets such products including Texas, but HemoCue denies all of the other allegations in paragraph 11 of the Complaint.

12. HemoCue admits the allegations of paragraph 12 of the Complaint.

13. HemoCue is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies the allegations.

14. HemoCue admits that Stanbio filed a complaint on October 29, 2003, in U.S. District Court, Western District of Texas, San Antonio Division (Civil Action No. SA 03 CA 1080 OG) seeking declaratory judgment. HemoCue denies that the offer for sale and sale of the cuvettes do not infringe the '457 Patent, or that the '457 Patent is invalid.

15. HemoCue admits the allegations of paragraph 15 of the Complaint, except that the Motion to Dismiss for Lack of Controversy was filed on January 7, 2004.

16. HemoCue admits the allegations of paragraph 16 of the Complaint.

17. HemoCue admits that an action was filed in U.S. District Court, Southern District of California (Case No. 04 CV 1378 BEN (AJG)) alleging that both Stanbio and EKF-Diagnostic GmbH infringe the 5,674,457 patent. However, Defendant denies the remaining allegations of paragraph 17 of the Complaint.

18. HemoCue denies the allegations of paragraph 18 of the Complaint.

19. HemoCue denies the allegations of paragraph 19 of the Complaint.

20. HemoCue denies the allegations of paragraph 20 of the Complaint.

21. HemoCue denies the allegations of paragraph 21 of the Complaint.

22. HemoCue denies the allegations of paragraph 22 of the Complaint.

## COUNT I

### Declaratory Judgment for Non-Infringement

23. HemoCue admits or denies the allegations of paragraphs 1 through 22 of the Complaint similarly as set forth in paragraphs 1 through 22 above.

24. HemoCue admits the allegations in paragraph 24 of the Complaint.

## COUNT II

### Declaratory Judgment for Invalidity

25. HemoCue admits or denies the allegations of paragraphs 1 through 24 of the Complaint similarly as set forth in paragraphs 1 through 24 above.

26. HemoCue admits the allegations in paragraph 26 of the Complaint.

## COUNT III

### Declaratory Judgment for Lawful Sale and Offering to Sell

27. HemoCue admits or denies the allegations of paragraphs 1 through 26 of the Complaint similarly as set forth in paragraphs 1 through 26 above.

28. HemoCue admits the allegations in paragraph 28 of the Complaint.

## COUNT IV

### Exceptional Case

29. HemoCue admits or denies the allegations of paragraphs 1 through 28 of the Complaint similarly as set forth in paragraphs 1 through 28 above.

30. HemoCue contends that this is an exceptional case, and denies all of the other allegations in paragraph 30 of the Complaint. HemoCue also contends that EKF should pay HemoCue's attorneys fees expended in this action.

## HEMOCUE'S ORIGINAL COUNTERCLAIM

### PARTIES

31. HemoCue AB is a corporation organized under the laws of Sweden with its principal place of business at Box 1204SE-262 23 Ängelholm, Sweden, and is the owner of U.S. Patent No. 5,674,457 ("the '457 Patent").

32. HemoCue, Inc., an affiliate of HemoCue AB, is a corporation organized under the laws of California with its principal place of business at 40 Empire Drive, Lake Forest, California, 92630, and is the exclusive licensee of the '457 Patent within the United States.

33. Stanbio Laboratory, L.P. ("Stanbio") is a limited partnership organized under the laws of the State of Texas, with its principal place of business at 1261 North Main Street, Boerne, Texas, 78006.

34. Upon information and belief, EKF-diagnostic GmbH ("EKF") is a corporation organized under the laws of Germany with its principal place of business at Ebendorfer Chaussee 3, D – 39179, Barleben / Magdeburg.

35. Upon information and belief, EKF-diagnostic Sales, GmbH ("EKFS") is a corporation organized under the laws of Germany with its principal place of business at Ebendorfer Chaussee 3, D – 39179, Barleben / Magdeburg.

36. Upon information and belief, EKF-diagnostic Manufacturing, GmbH ("EKFM") is a corporation organized under the laws of Germany with its principal place of business at Ebendorfer Chaussee 3, D – 39179, Barleben / Magdeburg.

37. Upon information and belief, both EKFS and EKFM are wholly owned subsidiaries of EKF. Collectively EKFS and EKFM are referred to herein as the EKF Counter-Defendants.

## JURISDICTION AND VENUE

38. This is an action for patent infringement under 35 U.S.C. § 271 et seq.

39. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

40. Upon information and belief, the EKF Counter-Defendants have sufficient contacts with this District to be deemed to reside in this District and is subject to personal jurisdiction of this Court for this patent infringement action. The EKF Counter-Defendants have purposely caused its blood-sampling products to be placed into the stream of commerce with the expectation they will be purchased and used by consumers in the State of Texas. Therefore, personal jurisdiction over the EKF Counter-Defendants is conferred under Article II of the United States Constitution.

41. The acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of Texas and within this District, among other places. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400.

## BACKGROUND AND FACTS

42. The '457 Patent, entitled "Capillary Microcuvette," issued on October 7, 1997, is the patent in suit.

43. The '457 Patent covers a device called a microcuvette that is sold to take blood samples from patients for testing hemoglobin levels in blood. A patient's finger is pricked so that a small sample of blood may be drawn into the microcuvette. The microcuvette is then placed into a reader to measure the hemoglobin level in blood samples. The patented microcuvette is designed to prevent bubbles from forming in the measuring zone of the microcuvette that might result in an inaccurate reading.

44. HemoCue AB is the assignee and the owner of all right, title and interest in and to the '457 Patent.

45. HemoCue AB has granted HemoCue, Inc., an exclusive license to make, use, sell, offer to sell and import into the United States products under the '457 Patent.

## Patent Infringement Activity

46. Stanbio has in the past offered for sale and sold, and is currently offering for sale and selling, the HemoPoint® H2 Hemoglobin Measurement System for measuring hemoglobin levels in blood samples.

47. The Hemopoint® H2 Hemoglobin Measurement System utilizes microcuvettes called the H2 Microcuvettes.

48. Upon information and belief, Stanbio entered into a distribution agreement with EKF to import and sell the H2 Microcuvettes in the United States. Under this agreement, EKFM manufactures the H2 Microcuvettes, and EKFS sells and delivers the H2 Microcuvettes to Stanbio for sale in the United States.

49. Stanbio offers for sale and sells the H2 Microcuvettes under at least part numbers 3010-100 (sold in lots of 100 cuvettes), and 3010-200 (sold in lots of 200 cuvettes).

50. Stanbio has imported into the United States, used, offered for sale and sold the H2 Microcuvettes, and such activities constitute infringement of the '457 Patent. The EKF Counter-Defendants have induced Stanbio to infringe the '457 Patent.

## COUNT ONE

## Patent Infringement Under 35 U.S.C. §271

51. HemoCue repeats the allegations above in paragraphs 31-50 as if fully set forth herein.

52. Upon information and belief, the EKF Counter-Defendants have exported from Germany into the United States the H2 Microcuvettes, and such activities constitute infringement of the '457 Patent and active inducement of others to infringe the '457 Patent within the United States, all in violation of 35 U.S.C. § 271(a) and (b), all without the authorization of HemoCue.

53. Upon information and belief, the EKF Counter-Defendants had knowledge of the '457 Patent since at least prior to the time of committing acts of direct infringement and actively inducing others to infringe.

54. Upon information and belief, the EKF Counter-Defendants' infringement of the '457 Patent has been willful.

55. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285.

56. HemoCue has been irreparably harmed by the EKF Counter-Defendants' acts of infringement of the '457 Patent and will continue to be harmed unless and until the EKF Counter-Defendants' acts of infringement are enjoined and restrained by order of this Court. HemoCue has no adequate remedy at law and therefore seek both a preliminary and permanent injunction.

57. As a result of the EKF Counter-Defendants' acts of infringement and inducement of infringement of the '457 Patent, HemoCue has suffered and will continue to suffer damages in an amount to be proven at trial.

58. The EKF Counter-Defendants' infringing conduct has caused and will continue to cause irreparable injury to HemoCue unless preliminarily and permanently enjoined.

## PRAYER

WHEREFORE, HemoCue prays for judgment as follows:

A. For an Order:

1. declaring the claims of the '457 Patent to be valid and enforceable;

2. declaring that the EKF Counter-Defendants have infringed and/or induced the infringement of the '457 Patent in violation of 35 U.S.C. § 271; and

3. declaring that the EKF Counter-Defendants have willfully infringed the '457 Patent;

4. that HemoCue be awarded damages from the EKF Counter-Defendants for the EKF Counter-Defendants' patent infringement pursuant to 35 U.S.C. § 284;

5. that HemoCue be awarded prejudgment and postjudgment interest and costs, pursuant to 35 U.S.C. § 284;

6. that this case be deemed exceptional based on the EKF Counter-Defendants' intentional conduct and on that basis that HemoCue be awarded its attorneys' fees and non-taxable costs pursuant to 35 U.S.C. § 285; and

7. that the damages awarded be enhanced pursuant to 35 U.S.C. § 284.

B. That the EKF Counter-Defendants, its officers, agents, servants, employees, successors and assigns, and all others acting by or under their direction and authority, be preliminarily and permanently enjoined and restrained as follows:

1. from infringing, inducing infringement, and contributing to the infringement of the '457 Patent, pursuant to 35 U.S.C. § 283; and

2. to recall and deliver to HemoCue for destruction, any and all cuvettes which infringe the '457 Patent.

C. That this Court deny all relief asked for by the EKF Counter-Defendants, and enter judgment against plaintiff declaring that plaintiff take nothing.

D. That this Court award HemoCue any other relief, in law and in equity, which this Court may deem appropriate and to which they are entitled, including reasonable attorneys fees and court costs.

**JURY DEMANDED**

HemoCue respectfully requests trial by jury.

Respectfully submitted,

_____
Dean V. Fleming
State Bar No. 07122100
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone: 210.270.7169
Telecopier: 210.270.7205
Attorney-in-Charge for Defendants/Counter-
  Plaintiffs HemoCue, Inc. and HemoCue AB

OF COUNSEL:

Paul E. Krieger
State Bar No.11726470
Fed. ID No. 1128
Edward D. Steakley
State Bar No. 24010423
Fed. ID No. 23740
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:    713.651.5167
Fax:    713.651.5246

## CERTIFICATE OF SERVICE

This pleading was served on counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on January 4, 2005, addressed as follows:

John K. Schwartz
Locke Liddell & Sapp LLP
100 Congress Ave., Suite 300
Austin, Texas 78701

Jody L. Factor
Joseph M. Kinsella Jr.
Factor & Lake, Ltd.
1327 W. Washington, Blvd., Suite 5G/H
Chicago, Illinois 60607

Mark H. Miller
Michael A Moreno
Jackson Walker, L.L.P.
112 East Pecan, Suite 2100
San Antonio, Texas 78205-1521

Dean V. Fleming