IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



FILED
2005 JAN -4 P 12: 18
CLERK, US DIST. COURT
                    TEXAS
BY _____

| | | |
|---|---|---|
| **Stanbio Laboratory, L.P.,** <br> **A Texas Limited Partnership,** <br><br> **Plaintiff,** <br><br> v. <br><br> **HEMOCUE, INC. and HEMOCUE AB** <br><br> **Defendants.** | § § § § § § § § § § § | NO. SA 03 CA 1080 OG |

## HEMOCUE DEFENDANTS ORIGINAL ANSWER
## TO ORIGINAL COMPLAINT, AND ORINGAL COUNTER-CLAIM

This answer and counter-claim is filed by Defendant HemoCue Inc. and HemoCue AB (collectively called "HemoCue"). Defendants HemoCue answer the Complaint for Declaratory Judgment as follows:

### PARTIES

1.   HemoCue is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the allegations.

2.   HemoCue admits the allegations in paragraph 2 of the Complaint.

3.   HemoCue admits the allegations in paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4.   HemoCue denies the allegations in paragraph 4 of the Complaint.

5.   HemoCue denies the allegations in paragraph 5 of the Complaint.

25466272.2

# FACTS

6. HemoCue is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies the allegations.

7. HemoCue admits the allegations in paragraph 7 of the Complaint.

8. HemoCue admits the allegations in paragraph 8 of the Complaint.

9. HemoCue admits that HemoCue AB manufactures microcuvettes for gathering Blood samples and instruments for receiving the microcuvettes and conducting hemoglobin readings for blood samples in the microcuvettes, that HemoCue, Inc. markets such products including Texas, and that the microcuvettes are protected by the '457 patent, but HemoCue denies all of the other allegations in paragraph 9 of the Complaint.

10. HemoCue denies the allegations in paragraph 10 of the Complaint as of the time the Complaint was filed, but admits that after the Complaint was filed HemoCue AB and HemoCue, Inc. have asserted that microcuvettes Stanbio has purchased or will purchase from EKF-Diagnostic GmbH or a related entity infringe the '457 patent and sued Stanbio and EKF-Diagnostic GmbH for infringement in the U.S. District Court in San Diego, CA, in June 2004, but HemoCue denies all of the other allegations in paragraph 10 of the Complaint.

11. HemoCue denies that Stanbio had a reasonable apprehension of being sued by HemoCue AB and HemoCue, Inc. for infringement of the '457 patent, at the time this Complaint was filed.

# DECLARATORY JUDGEMENT

12. HemoCue denies the allegations in paragraph 12 of the Complaint, as of the time the Complaint was filed.

13. HemoCue admits the allegations in paragraph 13 of the Complaint.

14. HemoCue admits the allegations in paragraph 14 of the Complaint.

15. HemoCue admits the allegations in paragraph 15 of the Complaint.

## HEMOCUE'S ORIGINAL COUNTERCLAIM

### PARTIES

16. HemoCue AB is a corporation organized under the laws of Sweden with its principal place of business at Box 1204SE-262 23 Ängelholm, Sweden, and is the owner of U.S. Patent No. 5,674,457 ("the '457 Patent").

17. HemoCue, Inc., an affiliate of HemoCue AB, is a corporation organized under the laws of California with its principal place of business at 40 Empire Drive, Lake Forest, California, 92630, and is the exclusive licensee of the '457 Patent within the United States.

18. Upon information and belief, Stanbio Laboratory, L.P. ("Stanbio") is a limited partnership organized under the laws of the State of Texas, with its principal place of business at 1261 North Main Street, Boerne, Texas, 78006.

19. Upon information and belief, EKF-diagnostic GmbH ("EKF") is a corporation organized under the laws of Germany with its principal place of business at Ebendorfer Chaussee 3, D – 39179, Barleben / Magdeburg.

20. Upon information and belief, EKF-diagnostic Sales, GmbH ("EKFS") is a corporation organized under the laws of Germany with its principal place of business at Ebendorfer Chaussee 3, D – 39179, Barleben / Magdeburg.

21. Upon information and belief, EKF-diagnostic Manufacturing, GmbH ("EKFM") is a corporation organized under the laws of Germany with its principal place of business at Ebendorfer Chaussee 3, D – 39179, Barleben / Magdeburg.

22.  Upon information and belief, both EKFS and EKFM are wholly owned subsidiaries of EKF.

## JURISDICTION AND VENUE

23.  This is an action for patent infringement under 35 U.S.C. § 271 et seq., and an action for unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act").

24.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

25.  Upon information and belief, Stanbio is a resident of this District and is subject to personal jurisdiction of this Court for this patent infringement action. Stanbio has purposely sold or offered for sale its blood-sampling products from this District with the expectation they will be purchased and used by consumers in the State of Texas. Therefore, personal jurisdiction over Stanbio is conferred under Article II of the United States Constitution.

26.  The acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of Texas and within this District, among other places. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c) and 1400.

## BACKGROUND AND FACTS

27.  The '457 Patent, entitled "Capillary Microcuvette," issued on October 7, 1997, is the patent in suit.

28.  The '457 Patent covers a device called a microcuvette that is sold to take blood samples from patients for testing hemoglobin levels in blood. A patient's finger is pricked so that a small sample of blood may be drawn into the microcuvette. The microcuvette is then

placed into a reader to measure the hemoglobin level in blood samples. The patented microcuvette is designed to prevent bubbles from forming in the measuring zone of the microcuvette that might result in an inaccurate reading.

29. HemoCue AB is the assignee and the owner of all right, title and interest in and to the '457 Patent.

30. HemoCue AB has granted HemoCue, Inc., an exclusive license to make, use, sell, offer to sell and import into the United States products under the '457 Patent.

### Facts Related to Patent Infringement

31. Stanbio has in the past offered for sale and sold, and is currently offering for sale and selling, the HemoPoint® H2 Hemoglobin Measurement System for measuring hemoglobin levels in blood samples.

32. The Hemopoint® H2 Hemoglobin Measurement System utilizes microcuvettes called the H2 Microcuvettes.

33. Upon information and belief, Stanbio entered into a distribution agreement with EKF to import and sell the H2 Microcuvettes in the United States. Under this agreement, EKFM manufactures the H2 Microcuvettes, and EKFS sells and delivers the H2 Microcuvettes to Stanbio for sale in the United States.

34. Stanbio offers for sale and sells the H2 Microcuvettes under at least part numbers 3010-100 (sold in lots of 100 cuvettes), and 3010-200 (sold in lots of 200 cuvettes).

35. Stanbio has imported into the United States, used, offered for sale and sold the H2 Microcuvettes, and such activities constitute infringement of the '457 Patent. Stanbio has induced others to use products that infringe the '457 Patent.

## Facts Related to Unfair Competition

36. Stanbio prominently uses HemoCue's trade name and registered trademark HEMOCUE (the "HemoCue Mark") on package labels for the H2 Microcuvettes. For example, the product labels for HemoPoint® H2 Cuvettes prominently display the words "For Use with HemoPoint® H2 Meter and HemoCue® Meter." An example of Stanbio's product labeling is attached as Exhibit 1. This use of the HemoCue mark and tradename was done without HemoCue's consent.

37. The use described above by Stanbio of the HemoCue Mark and trade name is likely to cause confusion, to cause mistake, and/or to deceive consumers and potential consumers of the parties, at least as to falsely implying (a) an affiliation, connection, or association of HemoCue with Stanbio, (b) an endorsement or sponsorship of the H2 Microcuvettes by HemoCue, (c) an approval by HemoCue for the use of the H2 Microcuvettes with HemoCue's photometer, or (d) that HemoCue has granted a license to Defendants for the '457 Patent. On information and belief, other product literature improperly uses the HemoCue Mark and trade name.

38. Stanbio's improper use of the HemoCue Mark and trade name in the United States enables Stanbio to trade on and receive the benefit of goodwill HemoCue built up at great labor and expense over many years, and to gain acceptance of Stanbio's goods not solely on their own merit, but on the reputation and goodwill of HemoCue, the HemoCue Mark and trade name.

39. Stanbio's improper use of the HemoCue Mark and trade name in the United States unjustly enriches Stanbio at HemoCue's expense.

40. Stanbio's improper use of the HemoCue Mark and trade name in United States commerce has caused HemoCue to lose sales and has damaged their goodwill and reputation.

## COUNT ONE

### Patent Infringement Under 35 U.S.C. §271

41. HemoCue repeats the allegations above in paragraphs 31-40 as if fully set forth herein.

42. Stanbio has imported into the United States, used, offered for sale and sold the H2 Microcuvettes, and such activities constitute infringement of the '457 Patent and active inducement of others to infringe the '457 Patent within the United States, all in violation of 35 U.S.C. § 271(a) and (b), all without the authorization of HemoCue.

43. Upon information and belief, Stanbio had knowledge of the '457 Patent since at least prior to the time of committing acts of direct infringement and actively inducing others to infringe.

44. Upon information and belief, Stanbio's infringement of the '457 Patent has been willful.

45. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285.

46. HemoCue has been irreparably harmed by Stanbio's acts of infringement of the '457 Patent and will continue to be harmed unless and until Stanbio's acts of infringement are enjoined and restrained by order of this Court. HemoCue has no adequate remedy at law and therefore seek both a preliminary and permanent injunction.

47. As a result of Stanbio's acts of infringement and inducement of infringement of the '457 Patent, HemoCue has suffered and will continue to suffer damages in an amount to be proven at trial.

48. Stanbio's infringing conduct has caused and will continue to cause irreparable injury to HemoCue unless preliminarily and permanently enjoined.

## COUNT TWO

## Unfair Competition Under Lanham Act, 15 U.S.C. § 1125(a)

49.  HemoCue repeats the allegations in paragraphs 31-40 above as if fully set forth herein.

50.  The acts of Stanbio complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.  Stanbio's unauthorized use of the HemoCue Mark and trade name in the United States is likely to cause confusion, to cause mistake, and/or to mislead or deceive consumers and potential customers of the parties, at least as to falsely implying (a) an affiliation, connection, or association of HemoCue with Stanbio, (b) an endorsement or sponsorship of the H2 Microcuvettes by HemoCue, (c) an approval by HemoCue for the use of the H2 Microcuvettes with HemoCue's photometer, or (d) that HemoCue has granted a license to Stanbio for the '457 Patent, and therefore constitutes unfair and fraudulent business practices in violation of 15 U.S.C. §1125(a).

52.  Unless the acts of Stanbio are restrained by this Court, Stanbio will continue to cause irreparable injury to HemoCue and to the public for which there is no adequate remedy at law.

## PRAYER

WHEREFORE, HemoCue prays for judgment as follows:

A.  For an Order:

1.  declaring the claims of the '457 Patent to be valid and enforceable;

2. declaring that Stanbio has infringed and/or induced the infringement of the '457 Patent in violation of 35 U.S.C. § 271; and

3. declaring that Stanbio has willfully infringed the '457 Patent;

4. that HemoCue be awarded damages from Stanbio for Stanbio's patent infringement pursuant to 35 U.S.C. § 284;

5. that HemoCue be awarded prejudgment and postjudgment interest and costs, pursuant to 35 U.S.C. § 284;

6. that this case be deemed exceptional based on Stanbio's intentional conduct and on that basis that HemoCue be awarded its attorneys' fees and non-taxable costs pursuant to 35 U.S.C. § 285;

7. that the damages awarded be enhanced pursuant to 35 U.S.C. § 284;

8. declaring that Stanbio has engaged in unfair competition in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a); and

9. that HemoCue be awarded damages from Stanbio for Stanbio's unfair competition and that Plaintiffs be awarded three times their damages together with a reasonable attorney's fee, pursuant to 15 U.S.C. § 1117 (a) (b).

B. That Stanbio, its officers, agents, servants, employees, successors and assigns, and all others acting by or under their direction and authority, be preliminarily and permanently enjoined and restrained as follows:

1. from infringing, inducing infringement, and contributing to the infringement of the '457 Patent, pursuant to 35 U.S.C. § 283; and

2. to recall and deliver to HemoCue for destruction, any and all cuvettes which infringe the '457 Patent.

C.  That Stanbio, its officers agents, servants, employees, successors and assigns, and all others acting by or under its direction and authority, be preliminarily and permanently enjoined and restrained as follows:

1.  from engaging in unfair competition by using the HemoCue Mark or trade name in such a way as to misrepresent or improperly suggest (a) affiliation, connection, or association of HemoCue with Stanbio, (b) endorsement or sponsorship of the H2 Microcuvettes by HemoCue, (c) approval by HemoCue of the H2 Microcuvettes with HemoCue's photometer, or (d) that HemoCue has granted a license to Stanbio for the '457 Patent.

2.  to engage in corrective advertising to dispel the confusion caused by Stanbio's wrongful acts;

3.  to recall and deliver up to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, packages, bottles, containers, wrappers, manuals, products, advertisements, Internet web pages, and any other materials in Stanbio's possession or control which bear or depict the HemoCue Marks or any other mark, name, designation, or indicia of origin that is confusingly similar to the HemoCue Mark, as well as all molds and other means of making the same; and

4.  within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon HemoCue's attorneys a written report under oath setting forth in detail the manner in which Stanbio has complied with the foregoing paragraphs.

D.  That this Court deny all relief asked for by plaintiff, and enter judgment against plaintiff declaring that plaintiff take nothing.

E.  That this Court declare all claims of the patents-in-suit to be valid, enforceable, and infringed by Stanbio.

F.  That this Court award HemoCue any other relief, in law and in equity, which this Court may deem appropriate and to which they are entitled, including reasonable attorneys fees and court costs.

## JURY DEMANDED

HemoCue respectfully requests trial by jury.

Respectfully submitted,

_____
Dean V. Fleming
State Bar No. 07122100
300 Convent Street, Suite 2200
San Antonio, Texas 78205
Telephone: 210.270.7169
Telecopier: 210.270.7205
Attorney-in-Charge for Defendants/Counter-
    Plaintiffs HemoCue, Inc. and HemoCue AB

OF COUNSEL:

Paul E. Krieger
State Bar No.11726470
Fed. ID No. 1128
Edward D. Steakley
State Bar No. 24010423
Fed. ID No. 23740
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Tel:   713.651.5167
Fax:   713.651.5246

25466272.2                                -11-

## CERTIFICATE OF SERVICE

This pleading was served on counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure on January 4, 2005, addressed as follows:

John K. Schwartz
Locke Liddell & Sapp LLP
100 Congress Ave., Suite 300
Austin, Texas 78701

Jody L. Factor
Joseph M. Kinsella Jr.
Factor & Lake, Ltd.
1327 W. Washington, Blvd., Suite 5G/H
Chicago, Illinois 60607

Mark H. Miller
Michael A Moreno
Jackson Walker, L.L.P.
112 East Pecan, Suite 2100
San Antonio, Texas 78205-1521

_____
Dean V. Fleming